Filed 6/11/15  P. v. Jeffries CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRYAN JEFFRIES,<br><br>    Defendant and Appellant. | D066293<br><br><br><br>(Super. Ct. No. SCN318699) |

APPEAL from a judgment of the Superior Court of San Diego County, Sim Von Kalinowski, Judge.  Affirmed as modified and remanded with directions.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Sharon L. Rhodes, Deputy Attorneys General, for Plaintiff and Respondent.

This appeal involves a dispute as to whether two counts, which were sentenced concurrently with the principal term, should have been stayed pursuant to Penal Code[1] section 654. The People concede as to one count but contest the other. We agree with the concession and find the false imprisonment sentence should have been stayed and will direct the trial court to modify the judgment by staying the sentence on that count. We will reject appellant's contention that the concurrent sentence for criminal threats should be stayed.

A jury convicted Bryan Jeffries of one count of robbery (§ 211); one count of false imprisonment (§ 237, subd. (a)) and one count of criminal threats (§ 422).

The court sentenced Jeffries to the upper term of six years for robbery. It imposed the upper term of three years on each of the remaining counts and ordered those terms to be served concurrently with the robbery count.

Jeffries appeals contending the false imprisonment and criminal threat sentences should have been stayed pursuant to section 654. As we have noted the People agree as to the false imprisonment count. We are satisfied the criminal threat count involves separate acts albeit during a prolonged course of conduct. Thus, we conclude section 654 does not apply to the criminal threats count.

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

## STATEMENT OF FACTS

We first observe that Jeffries does not challenge either the admissibility or the sufficiency of the evidence to support his convictions. Thus we will provide a limited statement of facts to give context to the discussion which follows.

The victim in this case, Michael Welch, operates a plumbing business. In October 2012, Welch met Jeffries at a function in Pismo Beach. At some point they discussed Jeffries working for Welch on a part-time basis.

About a month later, Jeffries contacted Welch and they agreed Jeffries would do some work for Welch. He would be paid $100 per day and would receive his train fare. Jeffries did work for Welch for three days and was paid $300 plus train fare.

Jeffries returned to San Diego again in December 2012 on a Sunday evening. He stayed at Welch's home that night. Jeffries worked Monday and returned to Welch's home. Welch went out and returned with another person at about 7:30 or 8:00 p.m. that night. When he returned he found beer cans about the house and Jeffries in an intoxicated condition.

Welch ordered Jeffries to pack up and leave, at which point Jeffries became enraged. Once they got into Welch's truck to take Jeffries to the train station, Jeffries demanded payment, became angry and told Welch he knew where Welch lived.

Welch drove toward Interstate 5. Jeffries demanded $400. As they reached the La Costa off ramp Jeffries punched Welch in the face and tore Welch's glasses off and threw them out of the truck. Jeffries continued to make threats, screamed at Welch and grabbed the steering wheel causing the truck to swerve across lanes on the freeway.

3

Welch ultimately went to an ATM in Carlsbad to get money for Jeffries. Jeffries continued to threaten and push Welch who was terrified to the point he could not remember his PIN number. Welch was finally able to withdraw $400 from the ATM and give it to Jeffries.

As Welch and Jeffries walked toward the truck, Welch was able to escape and run into a restaurant. Someone called 9-1-1 and police were summoned.

## DISCUSSION

We first address the false imprisonment offense. The parties correctly agree this count should be stayed. Accordingly we find no reason to discuss this count further. We will thus address the criminal threats count.

### A. Legal Principles

Section 654 provides in part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case . . . be punished under more than one provision." The method courts must use to comply with the section is to stay the punishment for those multiple charges. (*People v. Cole* (1985) 165 Cal.App.3d 41, 53.) As is often the case, the devil is in the detail of deciding whether the "act or omission" discussed in section 654 is the same in each count.

We review the issue of whether section 654 applies to a charge under the substantial evidence test. (*People v. Wynn* (2010) 184 Cal.App.4th 1210, 1215.) We determine the effect of the factual determination as a question of law to be reviewed de novo. (*People v. Perez* (1979) 23 Cal.3d 545, 552, fn. 5.)

4

B.  Analysis

Section 654 prohibits multiple punishment for a *single physical act* that violates different Penal Code provisions.  (*People v. Jones* (2012) 54 Cal.4th 350, 358; *People v. Mesa* (2012) 54 Cal.4th 191, 199 [defendant cannot be punished twice for single act even if defendant harbored multiple criminal objectives].)  Further, when a defendant commits *two or more separate physical acts* that violate different Penal Code provisions, the defendant may not be subjected to multiple punishment if the acts were part of one *indivisible* course of conduct.  (*Ibid*.)  In contrast, multiple punishment for the multiple acts is permissible if the transaction is *divisible.*  (*People v. Capistrano* (2014) 59 Cal.4th 830, 885; *People v. Harrison* (1989) 48 Cal.3d 321, 335.)

For purposes of section 654, the divisibility of a transaction involving multiple acts depends on whether the defendant had an independent objective for each offense.  (*People v. Capistrano, supra*, 59 Cal.4th at pp. 885-886; *People v. Jones, supra*, 54 Cal.4th at p. 359; *People v. Harrison, supra*, 48 Cal.3d at p. 335; see *People v. Latimer* (1993) 5 Cal.4th 1203, 1212-1213, 1216.)  If a defendant had multiple criminal objectives that were independent of and not merely incidental to each other, he or she may be punished for each statutory violation committed in pursuit of each objective even though the violations shared common acts or were parts of an otherwise indivisible course of conduct.  (*Harrison, supra*, at p. 335.)

Further, even if the defendant has a single overall objective, when there is a temporal or spatial separation between offenses, giving the defendant time to reflect and renew his or her intent, the defendant's decision to continue a course of criminal conduct

5

can support a finding that the defendant entertained multiple criminal objectives. (*People v. Surdi* (1995) 35 Cal.App.4th 685, 689; *People v. Louie* (2012) 203 Cal.App.4th 388, 399.) Also, the courts recognize that " 'at some point the means to achieve an objective may become so extreme that they can no longer be termed "incidental" and must be considered to express a different and more sinister goal than mere successful commission of the original crime.' " (*People v. Cleveland* (2001) 87 Cal.App.4th 263, 272.)

On appeal, we apply the substantial evidence standard to review the court's express or implied finding that the defendant had separate objectives while engaging in the multiple acts. (*People v. McKinzie* (2012) 54 Cal.4th 1302, 1368-1369.) We view the evidence in the light most favorable to the court's determination, and presume in support of the court's conclusion the existence of every fact that could reasonably be deduced from the evidence. (*People v. Cleveland, supra*, 87 Cal.App.4th at p. 271.)

The facts here show defendant engaged in multiple acts during the robbery and criminal threats; thus, this case involves a course of conduct, not a single physical act. Applying the independent objective test to determine whether the course of conduct is divisible for purposes of multiple punishment, the record supports the court's implicit finding that defendant's threatening conduct was so egregious and prolonged that it reflected a criminal intent independent of his intent to rob. At one point during sentencing the trial court observed: "[H]ere the crime was much longer [than the typical robbery] . . . approaching an hour. And included time spent in the car . . . as well as expended time at the ATM. [¶] . . . It also included striking [the victim] while he was unable to protect himself while driving his car. Also grabbing the steering wheel from

6

[the victim] causing [the victim] a fear of death, and the criminal threats . . . so terrified [the victim] that he defecated in his pants."

There is substantial evidence to support a finding that defendant had an intent to terrorize the victim that was distinct from his intent to rob.

## DISPOSITION

The judgment is modified to reflect the sentence for count 2 (false imprisonment) is stayed pursuant to section 654.  The trial court is directed to modify the abstract of judgment accordingly and to forward an amended abstract to the Department of Corrections and Rehabilitation.  In all other respects the judgment is affirmed.

 

 

_____

HUFFMAN, J.

WE CONCUR:

_____

BENKE, Acting P. J.

_____

HALLER, J.

7